By the Court.
Under sec. 9 of the act, “To incorporate Savings and Loan Associations” (Ohio Laws, vol. 70, p. 40), the Bellevue Bank had power to make the by-law mentioned as sec. 23 of by-laws in the finding of facts in this case set forth.
That under said by-law neither said Joseph B. nor J. A. Higbee had the right to claim of the bank the dividends in question, without the consent of the board of directors of the bank, until the indebtedness from them to the bank, set forth in the finding of facts should be paid.
The plaintiff below having paid no consideration for the assignment to her of the said dividends, but being a mere donee of the same, can have no better claim to the same against the bank than her said assignors, and cannot recover the same of the bank until said indebtedness is paid to the bank.
It follows that the court below erred in rendering judgment for said plaintiff below, upon the first twelve causes of action set forth in the petition.
*231 The judgment of the court below will therefore be set aside and reversed. ’ And this court proceeding to render the judgment which the court below should have rendered, does render judgment for the said Adeline Higbee upon the 13th cause of action set forth in the petition, and for the defendant below upon the first twelve causes of action set forth in said petition.